IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOELLE COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-441-P |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying her application for disability insurance benefits ("DIB") benefits under Title II of the Social Security Act, 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. <u>Administrative History and Final Agency Decision</u>

Plaintiff protectively filed an application for DIB on March 10, 2021, alleging disability since February 1, 2021. AR 19. The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id.*

Plaintiff, appearing with counsel, and a vocational expert ("VE") testified at a hearing conducted before an administrative law judge ("ALJ") on September 19,

1

2022. AR 36-66. On October 3, 2022, the ALJ issued a decision in which he found Plaintiff had not been disabled within the meaning of the Social Security Act at any time from February 1, 2021, the alleged onset date, through the date of the decision. AR 16-29.

Following the agency's sequential evaluation procedure, the ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity since February 1, 2021, the alleged disability onset date. AR 22. At the second step, the ALJ found Plaintiff had the following severe impairments: herpes encephalitis, neurocognitive disorder, loss of voice, essential hypertension, affective mood disorder, anxiety disorder, obesity, and a history of seizures. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. *Id.*

At step four, the ALJ found, relevant to this appeal, that Plaintiff had the residual functional capacity ("RFC") to perform the following:

> [M]edium work as defined in 20 CFR [§] 404.1567(c) except the claimant can lift and/or carry 25 pounds occasionally and less than 25 pounds frequently; she can push and pull as much as she can lift and carry; she can stand and/or walk 6 hours in an 8-hour workday; she can sit 6 hours in an 8-hour workday; she can never climb ropes, ladders, or scaffolds; she can frequently climb ramps and stairs; she can [] communicate simple information; she can never work at unprotected heights or near moving mechanical parts; she can never operate a motor vehicle as a part of job duties; she is able to perform simple, routine and repetitive tasks and is able to learn new simple tasks when one-on-one

> oral explanations are provided; she is able to frequently interact with supervisors and coworkers for incidental work purposes; she can never interact with the general public; and she is able to tolerate few changes in a routine work setting defined as the individual [being able to] adapt to occasional forewarned changes within a frequently stable work setting.

AR 24. Given the limitations, the VE determined Plaintiff could not perform any of her past relevant work, but identified three jobs from the Dictionary of Occupational Titles that Plaintiff could perform. AR 27-28. The ALJ ultimately adopted the VE's testimony and concluded, at step five, that Plaintiff was not disabled based on her ability to perform the identified jobs. AR 28-29.

## II. Issue Raised

On appeal, Plaintiff contends the ALJ failed to properly consider the consultative examination report from Emily Sullivan, a licensed Speech-Language Pathologist. Doc. No. 9 ("Op. Br.") at 3-9.

## III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "determination

of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048 1052 (10th Cir. 2009) (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (citation omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV. <u>Analysis</u>

Plaintiff asserts the ALJ failed in his consideration of Ms. Sullivan's consultative examination. Specifically, Plaintiff contends the consultative examination report includes a medical opinion from Ms. Sullivan and the ALJ failed to consider it appropriately.

For claims, such as Plaintiff's, filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. § 404.1520c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 404.1520c(a). Instead, the ALJ

evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. 20 C.F.R. § 404.1520c(b). The factors include (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. 20 C.F.R. Section 404.1520c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2).

On August 24, 2021, Plaintiff presented to Ms. Sullivan for a consultative examination. AR 1878-80. Plaintiff reported that she previously graduated from Oklahoma State University, majoring in journalism, and had been working successfully for News Channel Nine. AR 1878. After receiving an incorrect injection at her primary care physician's office, however, she developed encephalitis. *Id.* Plaintiff was hospitalized at Mercy Hospital and received rehabilitative treatment there as well. *Id.* As a result of her encephalitis, Plaintiff developed aphasia, migraines, memory loss, changes in attention abilities, decreased reading comprehension, and increased fatigue. *Id.* She was also being treated for seizure

activity and her left arm experienced tingling and was difficult to move. *Id.* Finally, following release from rehabilitation, Plaintiff received weekly private speech therapy until she was discharged based on "progress made." AR 1878, 1880.

Following Plaintiff's examination, Ms. Sullivan set forth the following observations and conclusions:

> In view of the case history and results of the present evaluation, it is felt that the Claimant presents with a mild-moderate cognitive disability and accompanying aphasia and word finding difficulties at this time. In regard[] to cognition, she had the most difficulty with tasks related to executive functioning, memory, and orientation. These areas of deficit are negatively affecting her ability to complete a variety of activities of daily living including cooking, reading, medication management and money management. She also now avoids social events as she stated she is "embarrassed" of not being able to respond adequately in conversation without losing her train of thought or struggling to find the right word to say. This is likely a[] contributing factor to her depression as well. While in conversation with the Claimant, she was able to clearly communicate 75-80 percent of her thoughts with the evaluator having to infer approximately 20-25 percent of what she was trying to say. Since diagnosis of encephalitis, it has left her with several disabilities that are keeping her from returning to employment which is upsetting to her. As she has been recently discharged from speech therapy due to progress made, it is not likely that her condition will further improve in regard[] to communication.

AR 1880.

In his decision, the ALJ discussed Plaintiff's consultative examination. AR 25. He noted Plaintiff's reports, diagnostic testing results, as well as a summary of Ms. Sullivan's conclusions, including that "claimant was able to clearly

6

communicate 75-80 percent of the time and it was unlikely that her condition would improve in regard[] to her ability to communicate." *Id.* (citing AR 1878-80).

On appeal, Plaintiff argues that Ms. Sullivan's statement that she is able to communicate 75-80 percent of her thoughts constitutes a medical opinion. Op. Br. at 6. She contends the ALJ's failure to specify whether he found this opinion persuasive is legal error and is not harmless because the ALJ did not include a corresponding limitation in the RFC. By contrast, Defendant argues Ms. Sullivan's statement does not constitute a medical opinion, and alternatively, any error is harmless because the ALJ included limitations in the RFC related to Plaintiff's communication difficulties.

The Tenth Circuit recently addressed whether a physician's statement constitutes a medical opinion. In *Staheli v. Comm'r, SSA*, __ F.4th __, 2023 WL 6629891 (10th Cir. 2023), the Tenth Circuit explained, "[T]he current definition of a medical opinion requires "a statement from a medical source" about *both* "what the claimant can still do despite her impairment(s)" *and* "whether she has one or more impairment-related limitations or restrictions in specified abilities[.]" *Id.* at *3 n.2 (quoting 20 C.F.R. § 404.1513(a)(2) (alterations omitted)). Plaintiff argues Ms. Sullivan's statement constitutes a medical opinion because it addresses what she "can still do despite her speech impairment, and the statement speaks to her ability

7

to perform the communication demands of work." Op. Br. at 7. Defendant contends it is not a medical opinion, explaining:

> Ms. Sullivan was not making a statement about what Plaintiff could still do, or whether she was limited in her work-related abilities-she was simply reporting her observations of Plaintiff's performance during her examinations. As such, the statement . . . was more aptly described as objective evidence, which includes "medical signs, laboratory findings, or both, as defined in [20 C.F.R.] § 404.1502(f). That regulation explains that a medical sign "means one or more anatomical, physiological, or psychological abnormalities that can be observed . . . [and] shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. § 404.1502(g). Ms. Sullivan observed Plaintiff's speech difficulties and related the difficulties in terms of a percentage, a medically acceptable clinical diagnostic technique.

Doc. No. 13 at 7 (citing AR 1880).

The Court finds it is not necessary to determine whether Ms. Sullivan's statement constituted a medical opinion. Presuming without deciding that it does constitute a medical opinion, the Court agrees with Defendant that the ALJ's failure to specify whether he found it persuasive was harmless. *See Stacey L.C. v. Saul*, No. 20-1064-JWL, 2021 WL 147254, at *4 (W.D. Okla. Jan. 15, 2021) (applying harmless error analysis where the ALJ had failed to articulate how persuasive he found a medical opinion).

In the decision, the ALJ found that Plaintiff had a moderate limitation in her ability to interact with others, noting not only Plaintiff's reports of the same but that "the record documents speech problems as detailed herein." AR 23. In the RFC, the ALJ concluded Plaintiff could communicate only simple information, was limited

8

to performing simple, routine, and repetitive tasks, was only able to learn new simple tasks when one-on-one oral explanations are provided, could frequently interact with supervisors and coworkers for incidental work purposes only and never interact with the general public, and could adapt to only occasional forewarned changes within a frequently stable work setting. AR 24. These limitations are consistent with Ms. Sullivan's statement that Plaintiff could communicate 75-80 percent of her thoughts.

Plaintiff states that based on Ms. Sullivan's statement, the ALJ should have included a limitation in the RFC that she "will occasionally be unable to effectively communicate." Op. Br. at 6. While the ALJ did not use Plaintiff's precise language, the ALJ did include limitations in the RFC reflecting Plaintiff's inability to effectively communicate.

Similarly, in *Stevens v. Kijakazi,* No. CIV-21-355-JAR, 2023 WL 2733371 (E.D. Okla. March 31, 2023), the plaintiff argued that the ALJ erred because he found the state agency physicians' opinion partially persuasive but failed to include in the RFC their opinion that the plaintiff could only "cope with normal changes in a low stress work environment." *Id.* at *4. The court noted, however, that the ALJ included in the RFC that the plaintiff could "respond appropriately to changes in a routine work setting which are gradually introduced and infrequent." *Id.* The court affirmed the ALJ's decision explaining, "Although the ALJ in his decision, did not explicitly restate this particular conclusion during his analysis of the state reviewing

9

physicians, it is clear to this Court that the ALJ did consider this evidence and further included the limitation, although in different terminology, in his RFC." *Id.*

It is clear from the ALJ's decision that he considered Ms. Sullivan's examination of Plaintiff and her corresponding conclusions. The limitations included in the RFC are consistent with Ms. Sullivan's opinion. Additionally, the RFC limitations encompass Plaintiff's proposed limitation of being occasionally unable to effectively communicate. Accordingly, Plaintiff's assertion of error is without merit. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (the ALJ's error in failing to state whether he deemed opinion persuasive or the amount of weight accorded thereto was harmless because the opinion was consistent with the RFC); *see also Olivares v. Kijakazi,* No. CV 21-197 MV/CG, 2022 WL 1486019, at *6 (D.N.M. May 11, 2022) ("An ALJ's error may be considered harmless in exceptional circumstances, 'where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" (quoting *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004)).

V.   Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this <u>30th</u> day of <u>October</u>, 2023.

<u>/s/ Gary M. Purcell</u>
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE